*660 MEMORANDUM *
Gerardo Richardo Gallegos, a California prisoner, appeals from the district court’s dismissal of his civil rights action for failure to exhaust administrative remedies, as required under the Prison Litigation Reform Act of 1995 (“PLRA”), 42 U.S.C. § 19976(a).[1] Gallegos alleges that the defendants were deliberately indifferent to his medical needs in that his stomach cancer grew undetected for approximately two years and caused the partial loss of his stomach, suffering, and other injuries. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand.
Gallegos argues that he is not required to exhaust because the California prison grievance system could not provide any form of redress for his injuries. He claims that money damages, which the administrative process cannot provide, are the only remedy for the completed harms that he has suffered. In Booth v. Churner, 532 U.S. 731, 734, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001), the Supreme Court held that a prisoner must pursue a remedy through the grievance process as long as some action can be ordered in response to the complaint. As the district court correctly concluded, the prison system could have addressed any complaint by Gallegos about his past or present medical condition by ordering more medical care. Gallegos must exhaust before filing suit.
Gallegos also argues that the defendants have failed to satisfy their burden of proving non-exhaustion. Non-exhaustion under the PLRA is an affirmative defense, and defendants bear the burden of raising and proving failure to exhaust administrative remedies. Jones v. Bock, 549 U.S. 199, 212-17, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007); Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir.2003). The only evidence presented by defendants was Gallegos’s form 602 of September 2001, which sought future medical care, and which Gallegos asserts is unrelated to his deliberate indifference claim. Absent is any affirmative evidence that Gallegos failed to appeal this grievance to the final level of review or that this is the only grievance at issue. Cf. Wyatt, 315 F.3d at 1120 (describing what sorts of evidence might prove or might fail to prove non-exhaustion). Because the defendants have not met their burden, we reverse the district court’s order dismissing the case for failure to exhaust.
REVERSED AND REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.

. Gallegos died in 2007, and this court ordered that his wife, Dora Alvarez Gallegos, be substituted as the plaintiff-appellant. We refer to Gallegos as if he were alive to be consistent with the appellate briefs and the district court record.